## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

KING'S CASTLE (HK) IMPORT &        *
EXPORT CO., LTD.,

       *

Plaintiff,

       *

v.                                    Civil Action  JRR-22-2043

       *

CLASSIC BRANDS, LLC,

       *

Defendant.

       * * * * * * * * * * *

## REPORT AND RECOMMENDATION

       This Report and Recommendation addresses the pending Motion for Default Judgment (the "Motion") filed by plaintiff King's Castle (HK) Import & Export Co., Ltd. ("Plaintiff") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. ECF 53. By Order of the Court entered on July 20, 2023, this matter was referred to the undersigned to review the Motion and make recommendations concerning damages. ECF 54. I have reviewed the relevant filings and conducted a virtual hearing on August 18, 2023. For the reasons stated herein, the undersigned recommends that the Motion be granted and that default judgment be entered in favor of Plaintiff in the amount of $12,494,995.75.

## I.     FACTUAL BACKGROUND

       The Complaint filed in this matter alleges the following facts. Plaintiff is a home furnishings manufacturer, supplier, and trader with a principal place of business in Hong Kong. Compl. ¶¶ 1, 6 (ECF 1). Defendant Classic Brands, LLC ("Defendant") is a manufacturer, distributor, and retailer of mattresses and specialty sleep products with a principal place of business in Columbia, Maryland. *Id.* ¶¶ 2, 7. Between January 2021 and May 2022, Defendant placed "hundreds of orders" for the purchase of various products from Plaintiff. *Id.* ¶ 8. Plaintiff agreed

to have the goods manufactured and delivered to Defendant, manufactured the goods or had them manufactured, and delivered them to Defendant "in accordance with the parties' agreement for purchase and sale of the goods." *Id.* ¶¶ 8, 9. Defendant "accepted the goods upon delivery[,]" and Plaintiff submitted invoices demanding payment for the goods "in accordance with the parties' agreement." *Id.* ¶¶ 10, 11. Defendant "has not materially disputed the amounts owed for the goods" reflected in the invoices, which totaled more than $12,000,000.00, but failed to pay the invoices. *Id.* ¶¶ 12, 13, 22.

Plaintiff attaches to its Motion as Exhibit A the sworn affidavit of Longshan Qiu, Plaintiff's sales director, attesting to facts alleged in the Complaint. ECF 53-1. Plaintiff attaches as Exhibit B a table reflecting a deposit amount of $34,382.70 and summarizing more than 230 unpaid invoices totaling $12,529,378.45, which leaves an unpaid balance of $12,494,995.75. ECF 53-2. Each invoice is identified by invoice number, purchase order number, invoice date, shipping date, and invoice amount. *Id.* The listed invoices are dated between August 13, 2021, and June 27, 2022. Longshan Qiu attests that Exhibit B "is a true and accurate summary of the unpaid invoices." ECF 53-1 at 2.

## II.   PROCEDURAL HISTORY

On August 15, 2022, Plaintiff filed the Complaint against Defendant for breach of contract seeking a judgment in Plaintiff's favor, an award of damages "in an amount to be determined by the Court as evidenced by the invoices[,]" and an award of "pre- and post-judgment interest to the extent allowed by law[.]" ECF 1. Summons issued to Defendant and was served on August 16, 2022, and proof of service was filed on August 22, 2022. ECF 4; ECF 6. Defendant filed an Answer on September 23, 2022, denying allegations in the Complaint and asserting various defenses. ECF

7.[1]

On January 21, 2023, Defendant's counsel filed a motion to withdraw as counsel, citing the fact that Defendant had all of its assets to an entity authorized by its secured lenders. ECF 47. Counsel attached to their motion a letter they sent to Defendant dated January 24, 2023, advising it that if the Court permitted counsel to withdraw their appearance, Defendant would "need to have substitute counsel enter an appearance or be subject to having a default judgment being entered against [Defendant]." ECF 47-1. On March 27, 2023, Judge Rubin entered an Order granting the motion and directing Defendant to show cause why a default should not be entered on the claims pending against it. ECF 49. No new counsel has entered an appearance on behalf of Defendant, and Defendant did not make any filing to show cause why a default should not be entered. On May 11, 2023, Judge Rubin entered default against Defendant. ECF 52.

Plaintiff filed the Motion on July 10, 2023, requesting default judgment against Defendant pursuant to Fed. R. Civ. P. 55(b)(2). ECF 53. On July 20, 2023, Judge Rubin entered an Order pursuant to 28 U.S.C. § 636 and L.R. 301 referring this matter to the undersigned magistrate judge to review a default judgment "and/or mak[e] recommendations concerning damages." ECF 54. The undersigned conducted a virtual hearing on the Motion by video teleconference with Plaintiff's counsel on August 18, 2023. Defendant did not appear at the hearing.

## III.   LEGAL STANDARD

A defendant's default must be entered when the defendant fails to plead or otherwise defend and that failure is shown by affidavit or otherwise. Fed. R. Civ. P. 55(a). If the plaintiff's claim against the defaulting defendant "is for a sum certain or a sum that can be made certain by

---

[1] On December 4, 2022, Defendant filed an Amended Answer and Counterclaim, ECF 37, which Plaintiff moved to strike, ECF 38. After the matter was briefed, the Honorable Julie R. Rubin granted the motion to strike. ECF 46.

computation," and the plaintiff requests a default judgment "with an affidavit showing the amount due[,]" the clerk must enter a default judgment for that amount due, provided the defendant is "neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). If the claim is not for a sum certain or ascertainable through computation, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). When a plaintiff requests a default judgment, the court may conduct a hearing when necessary to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *Id.* The Fourth Circuit recognizes a "strong policy that cases be decided on the merits[.]" *Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 376 (4th Cir. 2013) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993)). "However, default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'" *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794 (D. Md. 2010) (quoting *SEC v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D. Md. 2005)).

Upon review of a motion for default judgment, the court accepts as true the well-pleaded allegations in the complaint but must determine whether those allegations "support the relief sought in this action." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). "If the court finds that liability is established, it must then turn to the determination of damages." *Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013) (citing *Ryan*, 253 at 780–81.) "The court must make an independent determination regarding damages and cannot accept as true factual allegations of damages." *Id.* "An allegation 'relating to the amount of damages' is not deemed admitted based on a defendant's failure to deny in a required responsive pleading." *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794 (D. Md. 2010) (quoting Fed. R. Civ. P. 8(b)(6). The court may but need

not conduct a hearing to determine the amount of damages; it may instead "rely on detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (citing *United Artists Corp. v. Freeman,* 605 F.2d 854, 857 (5th Cir. 1979)), *quoted in United Food & Com. Workers Unions v. Magruder Holdings, Inc.*, Civ. No. GJH-16-2903, 2017 WL 3129192, at *3 (D. Md. July 21, 2017). Pursuant to Fed. R. Civ. P. 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

## IV.   DISCUSSION

### A.  Default

It is well established that a corporate entity may appear in the federal courts "only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993). When Defendant was advised that its former counsel intended to withdraw their appearance as counsel, Defendant was also advised that it was required to be represented by counsel in this matter and would be subject to having a default judgment entered against it if it failed to obtain substitute counsel. ECF 47-1. Upon withdrawal of its former counsel, on March 27, 2023, Defendant was ordered to show cause in writing within 14 days why a default should not be entered on the claims asserted against it, pursuant to L.R. 101.2(b). ECF 49. Defendant failed to make any written submission in response to the Order, and, on May 11, 2023, default was entered against Defendant. ECF 52.

Defendant's failure to make an appearance in this matter through substitute counsel following the withdrawal of its former counsel and failure to respond to the Order to show cause constitute a failure to defend under Fed. R. Civ. P. 55(a). *MHD-Rockland Inc. v. Aerospace Distributors Inc.*, 102 F. Supp. 3d 734, 737 (D. Md. 2015) (citing *Eagle Assocs. v. Bank of*

*Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991)). Plaintiff is therefore entitled to a default judgment if the well-pleaded allegations in the Complaint, accepted as true, support Plaintiff's claim for relief and establish Defendant's liability, and Plaintiff produces adequate evidence to support the amount of damages it seeks.

### B.  Liability

To state a claim for breach of contract under Maryland law, a plaintiff must allege "the existence of a contractual obligation owed by the defendant to the plaintiff, and a material breach of that obligation by the defendant." *RRC Ne., LLC v. BAA Maryland, Inc.*, 413 Md. 638, 658, 994 A.2d 430, 442 (2010). "The formation of a contract requires mutual assent (offer and acceptance), an agreement definite in its terms, and sufficient consideration." *CTI/DC, Inc. v. Selective Ins. Co. of Am.*, 392 F.3d 114, 123 (4th Cir. 2004) (citing *Peer v. First Federal Sav. and Loan Ass'n of Cumberland*, 273 Md. 610, 331 A.2d 299, 301 (1975)). Under Maryland law, a purchase order generally operates as an offer that a seller may accept "in any of several ways," including "simply by performance and delivery of the goods." *Audio Visual Assocs., Inc. v. Sharp Elecs. Corp.*, 210 F.3d 254, 259 (4th Cir. 2000) (citing Md. Code Ann., Com. Law § 2-206(1)). According to the Complaint and affidavit of Plaintiff's sales director, the parties entered a contract through Defendant's submission of purchases orders for certain goods to Plaintiff and Plaintiff's acceptance of those purchase orders and delivery of the goods to Defendant. Defendant materially breached the contract by failing to pay the amounts demanded in Plaintiff's invoices, which resulted in damages to Plaintiff in the amount of the unpaid invoices. Accordingly, Plaintiff has established Defendant's liability for breach of contract.

### C. Damages

Under Maryland law, "[d]amages for breach of a contract ordinarily are that sum which would place the plaintiff in as good a position as that in which the plaintiff would have been, had the contract been performed." *Beard v. S/E Joint Venture*, 321 Md. 126, 133, 581 A.2d 1275 (1990). Plaintiffs request damages from Defendant in the amount of $12,494,995.75, which is the total amount of unpaid invoices minus a deposit of $34,382.70 credited to Defendant. The requested amount of damages is supported by a summary exhibit (Exhibit B) specifically identifying each invoice by invoice number and date, as well as associated purchase order number and shipping date. *See* Fed. R. Evid. 1006 (permitting a party to "use a summary, chart, or calculation to provide the content of voluminous writings . . . that cannot be conveniently examined in court"). The affidavit of Plaintiff (Exhibit A) attests to the accuracy of the summary exhibit. Accordingly, Plaintiff has established its entitlement to an award of $12,494,995.75 in damages for Defendant's breach of contract. This amount of damages does not differ in kind from, or exceed, the amount demanded in the Complaint.

## V.    CONCLUSION

For the reasons stated herein, the undersigned recommends the following:

1.    Grant the Motion for Default Judgment (ECF 53); and

2.    Enter default judgment in favor of plaintiff King's Castle (HK) Import & Export Co., Ltd. And against defendant Classic Brands, LLC in the amount of **$12,494,995.75**.

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and L.R. 301.5(b).


Date: September 6, 2023.                        _____/S/_____
                                                Matthew J. Maddox
                                                United States Magistrate Judge